Henry G. Thresher
et al.
vs.
The Cuddy-Gardner Company et al.

} Eq. No. 11311.

May 18, 1932.

FROST, J. Heard on demurrers of respondents to bill of complaint.

This is a bill of complaint brought by three stockholders of The Cuddy-Gardner Company, a local corporation, against the corporation itself and two stockholders thereof.

Each of the respondents has demurred to the bill and on substantially the same grounds.

The bill shows that on December 16, 1912, Henry G. Thresher and several other stockholders of the Taft Machine Company, a corporation, entered into an agreement in writing with Louis J. Cuddy, John H. Cuddy, Jr., and Harry L. Gardner, whereby certain changes were to be brought about in the capital structure of the Taft Machine Company. The stock was to consist of 500 shares preferred and 50 shares common. The preferred stock was to be issued to the then stockholders of the Taft Machine Company, while the common stock was to be issued to Louis J. Cuddy and Harry L. Gardner in payment of all the assets of the business then being conducted under the name of Cuddy Manufacturing Company, John J. Cuddy, Sole Proprietor.

The agreement further provided that the common stock of the Taft Machine Company was to be deposited under a voting trust agreement with the provision that there should be accumulated a net surplus which should eventually equal 15% of the par value of the preferred stock issued and outstanding; also that no dividends should be paid on the common stock which would impair in any way such surplus and that no executive officer or director of the corporation should receive any compensation for services when any dividend on preferred stock was in arrears. or when the net surplus provided for was in arrears or unpaid.

The parties to the agreement, who were also stockholders in the Taft Machine Company, agreed to use their best endeavors to procure the acceptance of the plan outlined by all the then stockholders of the Taft Machine Company.

The bill further shows that on or about January 22, 1913, in pursuance of said agreement the name of Taft Machine Company was changed to The Cuddy-Gardner Company and provision was made for the issuance of 50 shares of common stock of the par value of $100 each and of 500 shares of preferred stock of the par value of $100 each; that Henry G. Thresher and other stockholders surrendered their

stock and received in return preferred stock of The Cuddy-Gardner Company, while Louis J. Cuddy and Harry L. Gardner received 50 shares of common stock; that said common stock was deposited with the Industrial Trust Company under the terms of a voting trust agreement, all according to the terms of the original agreement; that from the year 1913 until January 1, 1931, dividends on preferred stock were paid each year and the surplus account in an amount provided in such original agreement was accumulated and maintained; that in the year 1931 no dividends were paid on preferred stock and no salaries were paid to Louis J. Cuddy, the president, or to Harry L. Gardner, the secretary and treasurer of The Cuddy-Gardner Company.

It further appears that at the annual meeting of the stockholders of the corporation, held on January 13, 1932, a resolution was passed, suspending until the annual meeting in 1933 the provisions of the agreements dated December 16, 1912, and January 13, 1913, which provisions provided that no executive officer should receive from the corporation any compensation for services when any dividend on preferred stock was in arrears or when the net surplus was in arrears or was impaired, and recommending to the directors that preferred dividends for 1931 and 1932 be paid out of the surplus fund and that, meanwhile, salaries of $150 per month be paid as usual to Louis J. Cuddy and Harry L. Gardner for their services in carrying on the business of the company.

The complainants pray that the resolution passed by the stockholders at said annual meeting be decreed by this Court to be invalid and void; that the corporation be enjoined from paying said salaries for the years 1931 and 1932, and that said Louis J. Cuddy and Harry L. Gardner be enjoined from collecting and receiving such salaries.

To the bill of complaint respondents have filed their individual demurrers raising questions both of form and substance.

Clara B. Thresher and S. B. Champlin Company, a corporation, do not appear to be signers of the agreement of December 16, 1912, which is the basis of the complaint, and from anything that appears they have nothing of which to complain and are not properly joined as parties to the bill.

The respondents as one of their grounds of demurrer object to the bill on the ground that all the parties to the original agreement are not joined as parties, but the Court thinks that the interests of the individual signers are to such a degree several and distinct that if the bill be otherwise meritorious it is not bad by reason of failure to join all of the parties to the original agreement.

The more serious objections which the respondents raise to the bill are that the agreement and the voting trust therein described are 'not valid and enforceable obligations. The agreement provides for the depositing of the common stock with a trust company under a voting trust agreement. This feature of the agreement was for the purpose, no doubt, of protecting the holders of the preferred stock and assuring them a steady return from the corporation notwithstanding the fact that the management was practically in other hands. The trust formed was for a private purpose, is unlimited as to time, and perpetually imposes upon the corporation at least the possibility of its being unable to compensate any executive officer or director.

From a reading of the provisions of the voting trust as a whole, the Court holds that it is void and therefore unenforceable.

However, the vital and fundamental and far reaching question raised by the demurrers is whether an agreement entered into by persons, one of whom was a stockholder of the cor-

poration and two of whom were not, the provisions of which agreement were not translated into the by-laws of the corporation, is binding upon such corporation, or the non-members themselves in their later capacity as stockholders thereof.

When the agreement was executed on December 16, 1912, Henry G. Thresher was a stockholder in the Taft Machine Company. At the same time Louis J. Cuddy and Henry L. Gardner were not stockholders in that corporation so far as appears. The agreement was made to bring about certain changes in the Taft Machine Company, afterwards called The Cuddy-Gardner Company, and to regulate its management thereafter. The substance of the agreement, so far as appears, except to a limited extent, was not incorporated in the by-laws of the corporation.

Is a corporation governed by its charter and by-laws or by the terms of an agreement entered into by one or more of its stockholders?

> Ireland vs. Globe Milling & Reduction Co., 20 R. I. 190;
> Same vs. Same, 21 R. I. 9;
> Sowter vs. Seekonk Lace Co., 34 R. I. 304.

If a majority of the stockholders of a corporation vote to expend the funds of a corporation, when such vote is not in opposition to its charter or by-laws, but only contrary to the terms of an agreement entered into by some of such stockholders, is such vote invalid.

It seems to the Court that these questions answer themselves. If the parties to the agreement of December 16, 1912, desired The Cuddy-Gardner Company to be governed by its provisions, those provisions should have been incorporated in the by-laws of the corporation. The Cuddy-Gardner Company was not, of course, even a party to the agreement.

In the present bill the complainants seek to have declared invalid a resolution of the stockholders of The Cuddy-Gardner Company which was regularly passed and which is not contrary to the by-laws of the corporation. In the opinion of the Court such resolution is valid. If the resolution be valid, the corporation may not be enjoined from paying money under it, nor the respondent officers from receiving such money.

Assuming the resolution to be valid, to enjoin officers from accepting pay under it, even though such officers had previously agreed that such action should not be taken, would be to indirectly cripple the corporation which was not a party to the agreement.

Complainants' counsel urges that for many years the corporation has been governed in accordance with the provisions of the agreement of December 16, 1912. This may be the fact. That, however, offers no reason why the Court should declare invalid a resolution of the corporation regularly passed which is not in violation of its own by-laws.

> Carrier vs. Carrier, 226 N. Y. 114 at 122 & 123.
> Shippee vs. Industrial Tr. Co., 43 R. I. 115.

For the foregoing reasons the demurrers are sustained.

For complainant: Frederick A. Jones.

For respondent: Huddy & Moulton.